# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR AYALA, | Case No. 2:20-cv-0673-RFB-BNW |
| Petitioner, | |
| v. | **ORDER** |
| THE STATE OF NEVADA, et al., | |
| Respondents. | |

Petitioner Oscar Ayala, a Nevada state prisoner, has submitted a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2241. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court dismisses the Petition for lack of jurisdiction.

On September 7, 2018, the Eighth Judicial District Court for Clark County entered a judgment of conviction against Ayala. State of Nevada v. Ayala, Case No. C-18-331255-1.[2] No appeal or petition for post-conviction relief was taken. He is currently in the custody of the Nevada Department of Corrections at High Desert State Prison. (ECF No. 1-1 at 1.) According to Ayala, he is slated for release on June 1, 2020. (Id. at 2.)

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See also Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).

Ayala failed to either pay the standard filing fee or file a complete Application for Leave

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx.

to Proceed *In Forma Pauperis* ("IFP").  Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a prisoner to begin an action without prepaying fees and costs if the prisoner submits an IFP application on the approved form along with the appropriate supporting documentation.  28 U.S.C. § 1915(a); D. Nev. Civ. R. LSR 1-1, LSR 1-2.  Here, Ayala initiated this action without filing an IFP application or paying the $5.00 filing fee.  However, the Court will not require him to do so because the jurisdictional defects explained in this order result in dismissal of his petition.

Ayala is a native and citizen of El Salvador.  (ECF No. 1-1 at 2.)  The Petition alleges that, while he was detained at the Clark County Detention Center in March 2018, he received notice of an immigration detainer by the United States Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security.  (Id.)  Ayala claims he requested a hearing before an immigration judge to address removal and his grounds for political asylum, but no hearing has taken place.  (Id.)  Given his imminent release, the existence of the detainer, and the circumstances for which he seeks political asylum, the Petition challenges the ICE detainer and "future anticipated custody and detention" pending removal proceedings.  (Id.)

Federal district courts may grant a writ of habeas corpus when a petitioner is "in custody under or by color of the authority of the United States."  See 28 U.S.C. § 2241(c).  An immigration detainer or hold alone does not place a non-citizen in the custody of federal immigration authorities for purposes of federal habeas jurisdiction.  Campos v. Immigration & Naturalization Serv., 62 F.3d 311, 314 (9th Cir. 1995).[3]  For this Court to have jurisdiction over the Petition, Ayala would need to be in ICE custody.  The Petition plainly shows that Ayala is still in state custody, thus, jurisdiction is lacking.  Additionally, to the extent Ayala asks this Court to intervene in his removal

---

[3] See also Martinez v. Mukasey, 263 F. App'x 648, 649 (9th Cir. 2008) (citing Campos, 62 F.3d at 314) ("Habeas corpus is not available to challenge the [immigration] detainer."); Camarena v. Slade, 107 F. App'x 821, 822 (9th Cir. 2004) ("The INS's detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available."); Naddi v. Lamarque, 13 F. App'x 537, 538 (9th Cir. 2001) (finding that district court properly dismissed § 2241 petition for lack of jurisdiction because petitioner was not in INS custody at the time he filed his petition); Fordjour v. Sonchik, 215 F.3d 1332 (9th Cir. 2000) (same).

proceedings, this Court lacks jurisdiction to do so. 8 U.S.C. § 1252(g). Judicial review of a removal order is through a petition for review filed in the United States Court of Appeals. See 8 U.S.C. § 1252(a). Accordingly, this action must be dismissed for lack of jurisdiction.[4]

**IT IS THEREFORE ORDERED:**

1. Petitioner Oscar Ayala's Petition for Writ of Habeas Corpus (ECF No. 1-1) is DISMISSED without prejudice for lack of jurisdiction.

2. A Certificate of Appealability is DENIED as jurists of reason would not find the dismissal for lack of jurisdiction to be debatable or wrong.

3. The Clerk of Court is directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED this 15th day of May, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[4] Although this action is dismissed for lack of jurisdiction, the Court does not explicitly or impliedly find that the Petition is free of any other deficiencies, procedural or otherwise.